UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

FAROSHA LOYDE-LEE

    Plaintiff

vs.

    CASE NO.:
    JURY TRIAL DEMANDED

HAMILTON COUNTY,

    Defendant,

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FAROSHA LOYD-LEE ("Plaintiff"), by and through undersigned counsel hereby sues Defendant, HAMILTON COUNTY ("Defendant"), and shows the Court as follows:

## INTRODUCTION

1. This is an action for damages against Defendant for violations of a) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., which prohibits employment discrimination and harassment on the basis of race, color, religion, sex or national origin, or retaliation for exercising rights under this statute, and b) 42 U.S.C. § 1981, which protects equal rights under the law.

1

## JURISDICTION, PARTIES, & VENUE

2. Plaintiff is an individual over the age of eighteen years, and was a resident of Hamilton County, Tennessee at the time of the actions alleged in this Complaint.

3. Plaintiff is an African-American black female.

4. Plaintiff began working for Hamilton County Juvenile Court in November 2013.

5. Defendant is headquartered at 505 Deaderick Street, Nashville, TN 37243.

6. Plaintiff worked for Hamilton County through the Hamilton County Juvenile Court in Chattanooga, Tennessee.

7. Venue is proper in this Court because Defendant is located in Hamilton County, Tennessee and the conduct complained of occurred in Hamilton County, Tennessee.

8. The Court has subject matter jurisdiction over this action pursuant to the governing statutes of the Title VII, 28 U.S.C. §§ 1331, and 1341.

9. Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") which encompassed all of the claims asserted in the above-captioned Complaint.

10. Plaintiff received her Notice of Right to Sue 90 days prior to filing suit, fulfilling any and all of her administrative requirements prior to her timely bringing this suit.

11. The statute of limitations applicable to Plaintiff's instant claims was tolled throughout the time her prior lawsuit, which was ultimately voluntarily dismissed, was pending.

## FACTUAL BACKGROUND

12. Hamilton County Juvenile Court hired Plaintiff in November 2013.

13. Plaintiff has most recently worked for Defendant as a Dependency and Neglect Specialist at Hamilton County Juvenile Court.

14. Plaintiff is qualified for her position and had a history of positive performance reviews during her employment with Defendant.

15. November 10, 2016, Defendant first became aware of "*quid pro quo*" sexual harassment by Plaintiff's supervisor, Antinio Petty, but took no action other than a brief, superficial non-conclusory "investigation."

16. On April 1, 2017, Petty was arrested and charged with domestic assault against Plaintiff.

17. On April 2, 2017, Petty was placed on leave for ten (10) days, but chose to resign.

18. On April 3, 2017, Plaintiff filed an internal *quid pro quo* sexual harassment claim against Mr. Petty. Specifically, Plaintiff alleged that Petty had threatened to terminate her, should she end their relationship.

19. In response to Plaintiff's complaint, Sam Mairs, Juvenile Court Administrator, removed Plaintiff from her seat as a representative of Hamilton County Juvenile Court.

20. In response, Plaintiff filed a complaint alleging retaliation against Mairs, due to her protected activity in filing an EEO complaint on April 3, 2017.

21. Plaintiff would later file a second complaint of retaliation against Mairs, when he terminated her position on May 1, 2017.

22. An internal agency investigation concluded that Plaintiff was terminated in retaliation for engaging in protected EEO activity.

23. Defendant's actions have caused Plaintiff to suffer financial and emotional harm, including, but not limited to, marital dissolution.

## CLAIMS FOR RELIEF

### COUNT I:
### Discrimination in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.,

24. Plaintiff re-alleges and incorporates the allegations of Paragraph No.'s 11-23 as if fully set forth herein.

25. Defendant unlawfully discriminated against Plaintiff on the basis of her gender when her supervisor subjected her to quid pro quo sexual harassment.

26. As a result of Defendant's actions and non-actions, Plaintiff has suffered damages both monetary and non-monetary.

27. Plaintiff is entitled to equitable as well as monetary relief from Defendant for violations of Title VII.

28. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant.

## COUNT II
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.,

29. Plaintiff re-alleges and incorporates the allegations of Paragraph No.'s 1-23 as if fully set forth herein.

30. Plaintiff engaged in multiple acts of protected activity, when she filed harassment and retaliation complaints with the Defendant.

31. Plaintiff believed in good faith that she was subjected to sexual harassment and retaliation in violation of the law.

32. Defendant retaliated against Plaintiff for this protected activity, by terminating her employment.

33. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, marital strain, loss of health & physical health consequences, injury of professional standing, injury of character and reputation, mental anguish, and other indignities.

34. Plaintiff is entitled to equitable as well as monetary relief from Defendant for violations of Title VII.

35. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendant.

## COUNT III:
## Discrimination In Violation of 42 U.S.C. § 1981
## (Actionable Under 42 U.S.C. § 1983)

36. Plaintiff re-alleges and incorporates the allegations of Paragraph No.'s 1-23 as if fully set forth herein.

37. Defendant's conduct constitutes unlawful race discrimination in violation of 42 U.S.C. § 1981.

38. Pursuant to 42 U.S.C. § 1981 as effectuated by 42 U.S.C. § 1983, Plaintiff is entitled to declaratory relief, injunctive relief, compensatory damages and punitive damages, attorney's fees, and all other appropriate damages,

remedies, and other relief against Defendant because Defendant discriminated against Plaintiff on the basis of race and in violation of clearly established law.

39. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages including emotional distress, inconvenience, loss of income and benefits, humiliation, and other indignities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court will award the following relief:

a) The Court issue a Declaratory Judgment that determines that Defendant is in violation of Title VII and/or 42 U.S.C. § 1981;

b) Plaintiff recover appropriate back pay, including reimbursement for lost salary, bonuses, incentive compensation, and other benefits in amounts to be shown at trial;

c) Plaintiff recover prejudgment interest on any award of back pay made by the jury as required by law;

d) The Court award compensatory damages in an amount to be determined by a jury;

e) The Court award Plaintiff punitive damages, commensurate with the harm done, to deter such future conduct;

f) An award of attorney's fees, costs, and litigation expenses; and

g) Such other relief as the Court deems just and proper, and/or is allowable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues.

Respectfully submitted this 18th day of June, 2020.

Respectfully submitted,

*/s/ ANDREW R. FRISCH*
Andrew R. Frisch
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
T: (954) WORKERS; F: (954) 327-3013
E-mail: AFrisch@forthepeople.com
*Attorneys for Plaintiff*